## WRIGHT'S LESSEE v. CANNON et al.[1]

High Court of Errors and Appeals.   August, 1796.

*Wilson's Red Book, 240.*[*]

[PER CURIAM.]   The judgment of the Common Pleas was reversed unanimously, and the judgment obtained by Wright on which the sheriff sold to him held to be a lien on the lands of

---

[1] For a report of this case in the lower court see *Wilson's Red Book, 41*.

[*] This case is also reported in *Bayard's Notebook, 98; Rodney's Notes*, August, 1796.

intestate in the hands of administrator, which could not have been defeated by any subsequent sale of an administrator.

––––––

Having opened the argument, and being much exhausted by the heat of the day, I could not take the arguments of other counsel but will subjoin extracts from my own notes.

*Wilson.* The arguments on this record may possibly be directed to two points: whether the plaintiff's judgment was a lien upon the lands, for, if it was, he has the title; and whether defendant's deed has relation to the day of sale by administrators, for, if it has not, then plaintiff must recover upon a supposition that the lands vested only as chattels in the administrators and were bound only from the delivery of the *fieri facias* for residue.

The first question divides itself into two: first, whether lands can be taken in execution under a judgment against administrators; secondly, whether such judgment was a lien, or the delivery of the execution the lien.

That real property in the defendant's hands is bound by a judgment against him from the first day of the term, except as to purchasers for valuable consideration, and then from the date, sufficiently appears from practice, 3 Bl.Comm. 420, 2 Bac. Abr. 363, 1 Dall. 451, under the laws of England and also from the constant exception, in all the fee laws enacted these fifty years, of poundage to sheriffs upon prior judgments. When the debtor is dead, the heir is, in England, chargeable as to his inheritance for obligations in which he is named. This method is rarely pursued in Delaware, because the heir cannot withhold the lands from executor or administrator, who can sell them from him, and is never without assets while the lands remain. The Orphans' Court are to see that the personal estate is first applied, but the lands are also assets. It appears by old Acts of Assembly, 1 Body Laws 49, 116, 79, that lands were formerly appraised and held as liable as chattels to be sold. Nor does the Act for taking lands in execution exclude the case of judgments against executors or administrators, and the executions in such cases are uniformly, as in other cases, against goods and chattels, lands and tenements. This usage has not been legally immemorial, 2 Bl.Comm., yet like the private examinations of *femes coverts* by justices, [1] Dall. 14, or common recoveries in England, too many titles depend on it to be shaken. So there is no law for slavery in this state, [1] Dall. 167, 132, 133, yet it is legal. Nor can the practice be termed unreasonable because lands vest in the heir; for that may be the case, he may "have a fixed right of enjoy-

ment," and yet the lands may, in another sense of the word, be vested in the executors or administrators for payment of debts. Personal property is said to be vested in executor etc. from death of testator, 2 Morg.V.M. 187, and he may have trover for chattels, though he never possessed them. A legacy given to be paid at twenty-one, 1 Burr. 227, is a vested legacy, yet is, as other personal estate, vested in executor for payments of debts. If then the lands could vest as assets in administrator's hands, and be taken in execution, they were secondly also bound by judgment and not execution. Lands, when vested in heir as assets, and taken in execution as such, are bound from judgment; so ought they to be when vested in executor. The executor or administrator here represents the deceased fully and, therefore, should be bound like him or his heir as to lands by the judgment. Lien on lands is by the common law, 2 Bac.Abr. 363, and the administrator not being named in the 29 Car. II [c. 3 (1677)], the lands must be bound from the first day of term. It is for the encouragement of commerce that lands are subjected to judgments, and that goods are not bound until the writ is delivered, and the same reason will extend to the case of executors and administrators; of this opinion was Shippen, [1] Dall. 132, 133, and their law is, verbatim, the same as ours for sale of lands. And the Act, 4 Body Laws 66,[2] that a verdict or reference only shall bind lands when against executors, is a legislative construction, though passed since this action was brought.

The rule is that the several parts and ceremonies of a conveyance shall relate to the most substantial or principal part, 4 Burr. 1962, 5 Burr. 2787. Admittance to surrender. Livery to feoffment etc. This sale was a parol agreement and within the Statute of Frauds, 1 Esp.N.P. 12, 5 Burr. 2639. Its being in pursuance of an order of Orphans' Court is only like an interlocutory order, and not like a decree, and does not take it out of the Statute, Pow.Con. 272, 273, and, therefore, is ineffectual without the deed, which is the substantial part.

---

[2] This is a reference to the rare volume of 1793–1795 Session Laws.